# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILGREN JOSE CUADRA ROMERO,<br><br>                                    Petitioner,<br><br>v.<br><br>PAMELA BONDI, in her official capacity as Attorney General, et. al.,<br><br>                                    Respondents. | Case No.:  25-cv-2783-BJC-VET<br><br>**ORDER GRANTING PETITION AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**<br><br>**[ECF Nos. 1, 2]** |

On October 19, 2025, Petitioner Wilgren Jose Cuadra Romero, a citizen of Nicaragua who entered the United States without being admitted, paroled, or inspected and has lived in the United States since 2006, filed a Petition for a Writ of Habeas Corpus seeking declaratory and injunctive relief and a motion for a temporary restraining order ("TRO").  ECF No. 1.  On July 6, 2025, the Department of Homeland Security ("DHS") seized Petitioner outside his home in New York and transported him to a government facility where he was interviewed without counsel.  *Id*. ¶ 21.  He requested a bond hearing, but he was transferred to Imperial Regional Detention Facility in Calexico, California before the hearing.  Pet. ¶¶ 2, 22.  Petitioner withdrew his bond hearing request because DHS refused to waive his testimony at the hearing.  *Id*.  After he was transferred, DHS filed a Notice to Appear on July 18, 2025, and Petitioner, again, requested a bond hearing.

1

*Id.* ¶ 22.  At the hearing on August 1, 2025, the immigration judge denied bond due to lack of jurisdiction under 8 U.S.C. § 1225(b)(2) and *Jennings v. Rodriguez*, 583 U.S. 281 (2018).  *Id.*

This Court set a briefing schedule and hearing on Petitioner's motion for a TRO by order filed October 21, 2025.  ECF No. 4.  Respondents filed a response to the petition and motion on October 27, 2025.  ECF No. 9.  Petitioner filed a reply on October 30, 2025. The parties appeared before this Court on November 6, 2025, for a hearing on the petition and motion.  After hearing oral argument, the Court granted the motion and directed Respondents to hold a bond hearing within fourteen days.  In conjunction with the order issued on the record, the Court GRANTS in part the petition for writ of habeas corpus and DENIES as moot the motion for a temporary restraining order.

**DISCUSSION**

Petitioner argues DHS's § 1225(b)(2) policy is erroneous and violates the Administrative Procedures Act ("APA") and his procedural and substantive due process rights.  *Id.* at 16-30.  Petitioner requests the Court assume jurisdiction over the matter, determine that applying § 1225(b)(2) to Petitioner violates United States regulations, the APA, and his right to due process, and set aside Respondents' reclassification policy placing him under § 1225(b)(2).  ECF No. 1 at 30.  He further requests the Court order his release or, in the alternative, order a prompt bond hearing, compliant with *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), within seven to fourteen days, and enjoin re-detention and transfer or removal.  *Id.* at 30-31.  In his TRO, Petitioner argues he has and will continue to suffer irreparable harm absent relief, he is likely to succeed on the merits of his petition, and the balance of equities and public interest weigh in his favor.  ECF No. 2-1 at 15-28. *Id.* at 17-28.  Respondents argue Petitioner's claims are barred by 8 U.S.C. §§ 1252(g) and 1252(b)(9).  ECF No. 9 at 3-6.  They further argue Petitioner fails to establish entitlement to injunctive relief.  *Id.* at 6-12.

**I.  Legal Standard**

Courts may grant habeas corpus relief to those "in custody in violation of the

25-cv-2783-BJC-VET

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

**II. Jurisdiction**

**A. Section 1252(g)**

Congress explicitly divested courts of jurisdiction over claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The provision is read narrowly and does not apply to every decision or action that may be a part of the deportation process, only those involving the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. *Ibarra-Perez v. United States,* No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999)). It is a "discretion-protecting provision" and does not divest courts of jurisdiction to hear legal challenges that do not implicate the Attorney General's discretionary authority. *Id*. (citing *United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004)). Challenges to unconstitutional practices and policies that do not arise from the Attorney General's decision to commence proceedings, adjudicate cases or execute removal orders but are merely collateral to those, are not subject to § 1252(g). *Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998) (citing *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 492, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)).

Respondents argue Petitioner's claims are barred by § 1252(g) because they arise from his detention during removal proceedings, which stem from the Attorney General's decision to commence removal proceedings. ECF No. 9 at 4. Petitioner contends he challenges his detention without lawful statutory basis or constitutionally adequate process. ECF No. 10 at 3. He maintains he does not seek to stop the commencement or adjudication

25-cv-2783-BJC-VET

of removal proceedings nor to delay the enforcement of a removal. *Id*.

Petitioner challenges the legality of his detention as unconstitutional. Specifically, he challenges Respondents' policy of treating noncitizens as applicants for admission under § 1225(b)(2)(A), even when arrested far from the border, and deeming them ineligible for bond hearings, as unconstitutional and in violation of applicable statutes. ECF No. 1 ¶¶ 17, 18. Challenges to detention without bond is generally collateral to, and does not arise from, the decision to commence and adjudicate proceedings or execute removal orders. *See D.D. v. LaRose*, No. 25-CV-2681-BJC-JLB (S.D. Cal. Oct. 22, 2025). Accordingly, § 1252(g) does not divest the Court of jurisdiction.

**B. Section 1252(b)(9)**

Section 1252(b)(9) reads, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9). Supreme Court precedent demonstrates "decisions to deny bond hearings fall outside the purview of § 1252(b)(9)'s jurisdictional bar." *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *3 (S.D. Cal. Sept. 3, 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 402 (2019)).

Respondents argue, to the extent Petitioner desires to bring claims based upon his motions to suppress and terminate removal proceedings filed before the immigration judge, related to establishing alienage and removability, this district court does not have jurisdiction. ECF No. 9 at 4-5.

Petitioner argues a district court can hear a constitutional challenge to the procedures and length of detention, even where removal proceedings are ongoing. ECF No. 10 at 4. He further argues the Ninth Circuit agrees that "claims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9)." *Id*. at 4 (citing *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020)).

Petitioner's challenge to his detention without bond pursuant to DHS policy of

4

treating all noncitizens as applicants for admission under § 1225(b)(2)(A) does not challenge the decision to detain him or seek removal. *See Nielsen*, 586 U.S. at 402. According to Petitioner, his discussion regarding alleged Fourth Amendment violations based upon racial profiling are intended to "underscore the unconstitutionality of his detention absent a fair bond process." ECF No. 1-2 ¶ 52. Because the Court's review addresses Petitioner's challenged to the constitutionality of his detention and not any decision to detain or remove Petitioner, § 1252(b)(9) does not divest the Court of jurisdiction over the petition.

## II. Merits

Petitioner maintains he is being detained without meaningful bond process because Respondents misclassified him as an "applicant for admission" under §1225(b)(2) and the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025) attempts to validate the interpretation, making him ineligible for bond. ECF No. 1 ¶¶ 28, 29. He maintains §1225(b)(2) applies to those seeking admission and not those who have entered the United States without inspection. *Id*. ¶ 30. Petitioner argues Respondents' current interpretation of §1225(b)(2) is overbroad and violates the APA and his due process rights because he is wrongfully detained without a bond hearing. *Id*. ¶¶ 43, 44, 51. He asserts, as a noncitizen arrested in the interior, he is subject to § 1226(a), which permits release on bond. *Id*. ¶¶ 4, 19, 28. 44.

Respondents contend Petitioner is subject to mandatory detention under §1225 because, looking to the plain language of the statute, he is an alien present in the United States who has not been admitted and, therefore, is "an applicant for admission." *Id*. at 8. Respondents further argue, to the extent legislative history is relevant, it does not refute the plain language of the statute. *Id*. Respondents maintain "congress passed the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 to correct 'an anomaly whereby immigrants who were attempting to lawfully enter the United States were in a worse position than persons who had crossed the border unlawfully.'" *Id*. (citing *Torres v. Barr*, 976 F.3d 918, 928 (9th Cir. 2020)). Additionally, Respondents argue applying the

5

plain language of § 1225(b)(2) does not contradict or render § 1226(a) or § 1226(c) superfluous. *Id*. at 9-11.

In reply, Petitioner argues the text and structure of § 1225(b)(2) limits it to persons seeking admission, not those who are long-present arrested in the interior. ECF No. 10 at 7. He contends district courts addressing the issue have mostly agreed that "seeking admission" requires more than just inadmissibility under § 1182(a)(6)(A) and requires present-tense entry and inspection activity. *Id*. He further contends interpreting § 1225(b)(2) to cover all inadmissible noncitizens would make § 1226(a)'s warrant and bond rules, and § 1226(c)'s recent Laken Riley Act exceptions superfluous. *Id*.

The parties' dispute centers around statutory interpretation. Respondents detained Petitioner under § 1225(b), arguing that he is an "applicant for admission" because he was present in the United States and had not been admitted. Petitioner argues, as a noncitizen arrested in the interior and not at the border, he is subject to § 1226(a) not § 1225(b). Statutory interpretation "begins with the plain language of the statute." *Jimenez v. Quarterman*, 555 U.S. 113, 118, (2009). Pursuant to § 1225(b), "in the case of an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). The plain text requires the "applicant for admission" be "seeking admission." "[S]eeking admission" requires an affirmative act such as entering the United States or applying for status." *Mosqueda v. Noem*, No. 5:25-CV-02304 CAS (BFM), 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025). Interpreting the statute, as Respondents suggest, to only require the noncitizen be an applicant for admission, as one present in the United States who has not been admitted, "ignores the other language that also requires them to be 'seeking admission' and for the examining officer to determine they are not clearly and beyond a doubt entitled to be admitted." *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4, 2025). The rule against surplusage prohibits this Court from interpreting the statute in a way that would make "seeking admission" meaningless.

25-cv-2783-BJC-VET

*See League of California Cities v. Fed. Commc'ns Comm'n*, 118 F.4th 995, 1019 (9th Cir. 2024).

Additionally, Respondents' interpretation makes a recent amendment to § 1226(c) superfluous. The Laken Riley Act added a subsection to § 1226(c)(1), which denied bond or parole to any noncitizen who is (1) inadmissible under § 1182(a)(6)(A), (6)(C), or (7) as a noncitizen "present without admission or parole," or without valid entry documents, or who used fraud or misrepresentation to obtain entry documents, and (2) charged with, arrested for, or convicted of certain crimes. Laken Riley Act, Pub. L. No. 119-1, 139 Stat 3 (2025)). There is no need for an amendment denying bond or parole to those inadmissible noncitizens if all noncitizens present without admission are already subject to mandatory detention under § 1225(b)(2).

This interpretation is supported by Supreme Court interpretation of the pertinent immigration regulations. *Jennings v. Rodriguez*, 583 U.S. 281, 289, 138 S. Ct. 830, 838, 200 L. Ed. 2d 122 (2018) ("U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)."). Additionally, most courts addressing the issue have disagreed with Respondents' interpretation.[1]

There is nothing demonstrating Petitioner was engaged in any conduct that can be interpreted as "seeking admission." Accordingly, § 1225 does not apply to Petitioner. Rather, Petitioner is subject to § 1226(a). "[A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C §

---

[1] *Martinez Lopez v. LaRose*, No. 25-CV-2717-JES-AHG, 2025 WL 3030457, at *4 (S.D. Cal. Oct. 30, 2025) (listing cases); *Rodriguez v. Bostock*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) (listing cases); *see also Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *5 (S.D. Cal. Nov. 4, 2025); *Lopez v. Warden, Otay Mesa Det. Ctr.*, No. 25-CV-2527-RSH-SBC, 2025 WL 3005346, at *4 (S.D. Cal. Oct. 27, 2025); *Esquivel-Ipina, v. LaRose*, No. 25-CV-2672 JLS (BLM), 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Garcia v. Noem*, No. 25-CV-02180-DMS-MMP, 2025 WL 2549431, at *1 (S.D. Cal. Sept. 3, 2025).

25-cv-2783-BJC-VET

1226(a).  Pending the decision on whether to remove the alien, the Attorney General may continue to detain the individual or release him or her on bond or conditional parole.  *Id*.  Therefore, Petitioner is entitled to a bond hearing.

**CONCLUSION AND ORDER**

Based on the foregoing, the Court finds Petitioner's detention without a bond hearing violates his due process rights.  Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall hold a bond hearing within fourteen days of the hearing date and cannot deny bond at the hearing based on § 1225.  Respondents are enjoined from re-detaining or transferring Petitioner before a bond hearing takes place.  The Court **DENIES** the motion for a temporary restraining order as moot.

**IT IS SO ORDERED**.

Dated:  November 19, 2025

Honorable Benjamin J. Cheeks
United States District Judge